# United States Court of Appeals for the Federal Circuit

2007-7008


STEVEN PREMINGER,

Petitioner,

v.


SECRETARY OF VETERANS AFFAIRS,

Respondent.



Scott J. Rafferty, of Washington, DC, filed a combined petition for rehearing and rehearing en banc for petitioner.

Jane W. Vanneman, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, filed a response to the petition for respondent. With her on the response were Jeffrey S. Bucholtz, Acting Assistant Attorney General, and Jeanne E. Davidson, Director.

Appealed from: Department of Veterans Affairs

# United States Court of Appeals for the Federal Circuit

2007-7008

STEVEN PREMINGER,

Petitioner,

v.

SECRETARY OF VETERANS AFFAIRS,

Respondent.

On petition for review pursuant to 38 U.S.C. Section 502.

ON PETITION FOR REHEARING

Before LOURIE, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and SCHALL, Circuit Judge.

SCHALL, Circuit Judge.

## O R D E R

Steven Preminger has petitioned for rehearing of the court's August 17, 2007 decision in Preminger v. Secretary of Veterans Affairs, 498 F.3d 1265 (Fed. Cir. 2007). In that decision, we rejected Mr. Preminger's facial challenge to the constitutional validity of 38 C.F.R. § 1.218(a)(14), a Department of Veterans Affairs ("VA") regulation that prohibits visitors to VA property from engaging in unauthorized "demonstrations," which the regulation defines to include "partisan activities." In doing so, we concluded that the fora at issue—VA medical centers—are nonpublic in nature, and that the

restrictions on partisan activities imposed by section 1.218(a)(14) are both reasonable and viewpoint neutral.  In addition, we noted that many of Mr. Preminger's arguments related to his as-applied challenge to section 1.218(a)(14), which remains pending in the United States District Court for the Northern District of California.  Preminger v. Principi, No. 5:04-cv-02012-JF (N.D. Cal. filed May 25, 2004).

In his petition for rehearing, Mr. Preminger argues that the panel erred in several respects.  First, he argues that we erred in rejecting as untimely his Administrative Procedure Act ("APA") challenge to the promulgation of section 1.218(a)(14).  Turning to his constitutional challenge, he argues that we erred in classifying VA medical centers as nonpublic fora, and in rejecting his contention that the regulation is vague, overbroad, and not viewpoint neutral.  Finally, Mr. Preminger argues that we erred in concluding that the amount of discretion that section 1.218(a)(14) provides to VA officials in determining whether to authorize partisan activities is reasonable.

We deny rehearing with respect to all of these issues except for Mr. Preminger's contention that section 1.218(a)(14) grants excessive discretion to the VA.  On that issue, Mr. Preminger argues that the regulation does not set forth sufficient standards to guide the VA's exercise of discretion in determining whether to authorize or refuse to authorize partisan activities.  Mr. Preminger essentially argues that, because the regulation does not set forth adequate standards, VA officials possess "unbridled discretion" to withhold authorization for any reason at all, including viewpoint discrimination.  Mr. Preminger contends that the lack of adequate standards in section 1.218(a)(14) therefore causes the regulation to violate the First Amendment on its face.

In our initial opinion, we considered whether the amount of discretion that section 1.218(a)(14) provides to the VA is reasonable in light of the "function and character" of the nonpublic VA medical centers. Preminger, 498 F.3d at 1279-80. We determined that "[t]he VA must be able to maintain a place of healing and rehabilitation for the veterans for which it provides services." Id. at 1279. To that end, we concluded that the VA must ultimately have the discretion to determine whether any particular "demonstration" (defined to include "partisan activities") would be disruptive to the VA's mission. Id. at 1280. We stated: "[A]s part of the exercise of its discretion, the VA must be able to decide when its mission would be compromised to a level that counsels against granting the request to conduct a demonstration." Id. at 1280.

We grant Mr. Preminger's petition for rehearing for the limited purpose of explaining in further detail our conclusion that section 1.218(a)(14) does not grant unbridled discretion to the VA. As the attached opinion makes clear, we think that the regulation sets forth specific, objective standards to guide the VA's exercise of discretion. We thus see little risk that the VA will be able to use the regulation to engage in undetectable viewpoint discrimination. Accordingly, we decline to hold section 1.218(a)(14) facially invalid as a regulation granting "unbridled discretion" to restrict speech. Accordingly,

IT IS ORDERED THAT:

(1) The petition for rehearing is granted for the limited purpose of explaining in further detail the panel's conclusion that section 1.218(a)(14) does not grant unbridled discretion to the VA. Our prior opinion, dated August 17, 2007, is hereby withdrawn, and the opinion attached to this order is substituted in its place.

(2) In all other respects, the petition for rehearing is denied.

FOR THE COURT

02/25/08
Date

/s/  Alvin A. Schall
Alvin A. Schall
Circuit Judge